*Clerk, [Tensas] Parish*
*St. Jos[eph]  1-27-2022*

GOLDMAN EQUIPMENT, L.L.C.     DOCKET NO.: 24,576 B

**FILED**
JAN 27, 2022
@ 2:13 PM
*Chity C. Lee*
Clerk of Court

VERSUS                                SIXTH JUDICIAL DISTRICT COURT

                                      PARISH OF TENSAS

DEERE & COMPANY, INC.                 STATE OF LOUISIANA

---

**PETITION TO ENFORCE RIGHTS PURSUANT TO LA. R.S. 51:481, *et seq.*
FOR CIVIL DAMAGES RESULTING THEREFROM,
AND FOR INJUNCTIVE RELIEF**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, GOLDMAN EQUIPMENT, L.L.C., a Louisiana limited liability company in good standing whose official corporate domicile and principal place of business is in Newellton, Parish of Tensas, State of Louisiana, who respectfully represents that:

1.

Made Defendant herein is DEERE & COMPANY, INC., a Delaware corporation with its principal place of business in Moline, Illinois, which is authorized to do business in Louisiana, and which has a registered office and principal business establishment in Baton Rouge, Louisiana, and a registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

2.

On or about December 9, 2019, Goldman Equipment, L.L.C. (hereinafter the "Dealer") entered into a Dealer Agreement (hereinafter the "Agreement") with Deere & Company, Inc. (hereinafter the "Agent"). The Agreement authorized Dealer to serve as Agent's Dealer for the sale, lease and rental of Agent's products within its specified area of responsibility. The Agreement imposes certain rights and obligations upon both parties in connection therewith.

3.

Jurisdiction and venue are appropriate in this court because the principal place of business between Dealer and Agent is the Dealer's dealership in Newellton, Louisiana, located in Tensas Parish. Further, the Agreement signed between the parties authorizing Dealer to serve as Agent's Dealer was executed in Newellton, Louisiana, Parish of Tensas.

4.

The "Goods" to be offered for sale, lease or rental pursuant to the Agreement are defined by the Agreement as, "Agricultural machines and equipment checked on Exhibit 2, JDM [John

**EXHIBIT 1**

Deere Merchandise] items, licensed products, and allied agricultural machines, which are classified by [Agent] as its Agricultural line, and attachments and service and repair parts for such equipment. Additionally those products indicated by a check mark on Exhibit 2 manufactured and/or distributed as part of [Agent's] Turf & Utility Equipment Platform and attachments and parts for such products."

5.

Written contracts between business entities "engaged in the business of selling, distributing, or retailing farm, construction, forestry, heavy industrial material handling, utility and lawn and garden equipment, engines, implements, machinery, attachments and repair parts for such equipment and any wholesaler, manufacturer, or distributor of such equipment and repair parts, whereby the retailer agrees with the wholesaler, manufacturer, or distributor to maintain a stock of such parts, or complete equipment or machines, or attachments" are subject to the provisions of Louisiana Revised Statutes, Title 51, Chapter 2, Part 1-A, Repurchase of Farm, Industrial and Lawn and Garden Equipment by Wholesaler, La. R.S. 51:481, *et seq.*

6.

The Agreement provides that the Agent "may make available to any authorized dealer marketing programs that [Agent] deems necessary to compete in the area of responsibility assigned to that dealer."

7.

For 2021, Agent advised Dealer of the "Volume Discount and Pay for Performance (P4P) program" (hereinafter referenced as the "Incentive Program") to reward eligible dealers for achieving sales volume and market share within their area of responsibility. Dealers eligible to participate in the Incentive Program received information from Agent regarding the categories of equipment, tiers, schedules, etc., to be utilized in the implementation of the Incentive Program.

8.

Agent provided Dealer with its calculations regarding Dealer's performance with respect to its sales volumes by product line and area, market share, etc., in connection with the Incentive Program. Dealer notified Agent multiple times during the period of the incentive program, November 2, 2020 through October 29, 2021, that it disputed the preliminary calculations with which it had been provided. Once Agent provided Dealer with the final calculations, Dealer

EXHIBIT 1

filed written objections on November 29, 2022, and December 1, 2022, and discussed its objections with John Deere during a telephone conference on December 6, 2022.

9.

Dealer disputed the data and calculations provided by Agent regarding the equipment's first substantial use and the number of sales reported within its area of responsibility, provided Agent with its own verified calculations, and requested a Statistics Program Audit on the official Audit Request Form provided for such requests, on at least three (3) separate occasions.

10.

In response thereto, Agent made a partial adjustment to one of the disputed calculations, with no explanation regarding the basis for the adjustment nor for the lack of adjustment regarding the remainder of the disputed calculations in that audit request. As to the other two audit requests, Dealer has advised that the first step of the review process resulted in no changes, and the Agent has requested a second audit.

11.

La. R.S. 51:483, which regulates the relationship between Agent and Dealer, provides in pertinent part that:

(A) It shall be a violation of this Part for an agent to:

\* \* \*

(5) In connection with an incentive agreement, impose on the dealer:

  (a) The burden of proof regarding the terms of the agreement, including the establishment of the location of a piece of equipment's first substantial use.

  (b) A penalty for the sale of equipment if the first substantial use is in a location outside the dealer's area of responsibility for agricultural sales, regardless of the location of the seller, or of the customer's residence, office or operating base.

12.

La. R.S. 51:481(B) provides, in pertinent part, that the:

(2) "Burden of proof", in the context of an incentive agreement, means that, if a dealer objects to the market statistics provided by the agent in support of a bonus or penalty proposed by the agent pursuant to the agreement, the agent shall provide all of the following information:

EXHIBIT 1

(a) The name of the entity or individual that purchased the contested equipment upon which the amount of the incentive payment or penalty is based.

(b) Sufficient evidence of the first substantial use of the contested equipment within the dealer's area of responsibility. Sufficient evidence shall consist of either:

   (i) Geospatial telematic data from the reported equipment's hardware.

   (ii) All of the following:

   (aa) Name of the entity or individual that purchased the equipment.

   (bb) City and state to which the equipment was delivered, as indicated on the manufacturer's delivery receipt provided by the dealer to the retail purchaser.

   (cc) PIN, VIN, or serial number of the equipment.

   (dd) Product segment (large ag, mid ag, or small ag) of the equipment.

   (ee) Model class of the equipment.

   (ff) Size class (horsepower) of the equipment.

13.

Agent has wholly failed or refused to provide the information to Dealer required by La. R.S. 51:481(B)(2) if Dealer "objects to the market statistics provided by the agent in support of a bonus or penalty proposed by the agent pursuant to the [Incentive] agreement", despite Dealer's multiple objections to the market statistics provided to it by Agent in support of Agent's proposed calculations in accordance with the terms of the Incentive Program.

14.

La. R.S. 51:483(A)(5) prohibits an Agent from imposing on the Dealer the "burden of proof regarding the terms of" an Incentive Program agreement. Accordingly, the burden of proof regarding the terms of the Incentive Program agreement is on Agent.

EXHIBIT 1

15.

Since Agent has failed or refused to meet its burden of proof with respect to the disputed market statistics provided by Agent in support of its calculations pursuant to the terms of the Incentive Program agreement to which Dealer has objected, those disputed items, information, and market statistics should be stricken from its calculations and the data reformulated without those items. Dealer is thus entitled to an incentive payment in accordance with the terms of the Incentive Program agreement once the data is recalculated without the data upon which Agent has failed or refused to meet its statutory burden of proof.

16.

La. R.S. 51:483(B)(1) provides that a dealer may bring an action for civil damages in a court of competent jurisdiction against any agent found violating the provisions of this Section, and may recover the damages sustained as a consequence of the agent's violations, together with all costs and attorney fees.

17.

Agent's violation of its obligations under La. R.S. 51:481(B)(2) and 51:483(A)(5) have caused Dealer damages to the extent of its wrongfully denied payments due pursuant to the Incentive Program, had those items for which Agent has not sustained its statutory burden of proof been excluded from its calculations. Therefore, it is entitled to bring this action pursuant to La. R.S. 51:483(B)(1).

18.

La. R.S. 51:483(B)(2) also entitles a dealer to injunctive relief against unlawful termination, cancellation, nonrenewal or substantial change of competitive circumstances. In any action by a dealer for injunctive relief for a violation of this Section, irreparable harm shall be presumed, and the remedies of this Section are in addition to any other remedies permitted by law.

19.

Agent's violation of its obligations under La. R.S. 51:481(B)(2) and 51:483(A)(5) entitle Dealer to the issuance of an order enjoining Agent from unlawfully terminating, canceling, failing to renew or substantially changing the competitive circumstances of Dealer's Agreement.

EXHIBIT 1

In the Court's consideration of this request, irreparable harm shall be presumed, and these remedies are in addition to any other remedies permitted by law.

20.

Although there is an arbitration clause in the Agreement, it does not apply to this dispute. The Agreement was adopted between the parties in 2019, and Louisiana Revised Statutes 51:481(B)(2) and 51:483(A)(5), which form the basis of this cause of action, were not enacted by the Louisiana Legislature until Act No. 359 of 2021. Therefore, Dealer's rights to enforce its request for the disputed information with respect to Incentive Program agreements from Agent and to shift the burden of proof if that information is not provided under this statute could not have been waived in 2019 as that cause of action did not exist until 2021.

21.

Dealer further demands all costs of this proceeding and its reasonable attorney fees, pursuant to La. R.S. 51:483(B)(1).

WHEREFORE, Plaintiff, GOLDMAN EQUIPMENT, L.L.C., respectfully prays that Defendant, DEERE & COMPANY, INC., be served with the Petition to Enforce Rights Pursuant to La. R.S. 51:481, *et seq.,* for Civil Damages Resulting Therefrom, and for Injunctive Relief, and be duly cited to appear and answer same and that, after the expiration of all legal delays and due proceedings are had, there be judgment rendered herein in favor of Plaintiff and against Defendant, DEERE & COMPANY, INC., for the entire amount of the damages of Plaintiff, which will be proven at trial, with legal interest thereon from the date of judicial demand until paid, for Notice of Trial, for Notice of Judgment, and for all costs of these proceedings, including all taxable costs and expert fees, its reasonable attorney fees, and for all general and equitable relief. Plaintiff also prays that this Honorable Court, after due proceedings, issue an order enjoining Defendant, DEERE & COMPANY, INC., from unlawfully terminating, canceling, failing to renew or substantially changing the competitive circumstances of Plaintiff's Dealer Agreement. In consideration thereof, irreparable harm shall be presumed pursuant to La. R.S. 51:483(B)(2), and this remedy is in addition to any other remedies permitted by law.

EXHIBIT 1

Respectfully submitted:

LAFLEUR & LABORDE, LLC

*Stephanie B. Laborde by Jim E. Paxton*

Stephanie B. Laborde (Bar Roll No. 20908)
6160 Perkins Road, Suite 225
Baton Rouge, Louisiana 70808
Telephone: (225) 535-7590
Direct: (225) 230-0484
Fax: (800) 430-2378
slaborde@lalalawfirm.com

BISHOP, PAXTON, CRIGLER
& MOBERLY, APLC

*Jim E. Paxton*

James Paxton (Bar Roll No. 19094)
124 Hancock Street
St. Joseph, Louisiana 71366
Telephone: (318) 766-4892
jim@bpcmlaw.com

**Attorneys for Plaintiff,
Goldman Equipment, L.L.C.**

**PLEASE SERVE:**

DEERE & COMPANY, INC.
*Through its Agent for Service of Process:*
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

EXHIBIT 1